ANDERSON v. MYERS et al.

(Circuit Court of Appeals, Fifth Circuit. January 5, 1924.)

No. 4125.

Bankruptcy ⬸60—State comptroller's placing receiver in charge of private bank held not "act of bankruptcy"; "insolvency."

That the state comptroller, under Rev. Gen. St. Fla. 1920, § 4162, placed a receiver in charge of a private banking firm on the ground that the banking firm was insolvent and unable to meet its obligations *held* not to show an "act of bankruptcy" within Bankruptcy Act, § 3a, subd. 4, as amended (Comp. St. § 9587), as "insolvency," as there used, means insufficient assets at a fair valuation to pay debts.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Act of Bankruptcy; Insolvency—Insolvent.]

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

⬸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Bankruptcy proceeding by L. H. Myers, Sr., and others, against Charles H. Anderson and others. From an adjudication of bankruptcy, Charles H. Anderson appeals. Reversed and remanded.

Certiorori granted —— U. S. ——, 44 Sup. Ct. 335, 68 L. Ed. ——.

Louie W. Strum and Giles J. Patterson, both of Jacksonville, Fla. (Louie W. Strum and Giles J. Patterson, both of Jacksonville, Fla., on the brief), for appellant.

E. T. McIlvaine and I. L. Purcell, both of Jacksonville, Fla. (E. T. McIlvaine and I. L. Purcell, both of Jacksonville, Fla., on the brief), for appellees.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is an appeal from an adjudication in bankruptcy of the appellant, of his partner, Richard D. Anderson, and of a partnership, consisting of both, doing a private banking business, under the laws of the state of Florida, under the style of Anderson & Co., Bankers. The adjudication was had in the Southern district of Florida. The appeal was originally taken by Charles H. Anderson alone. A motion to dismiss is submitted, based on the failure to join the partnership and the other partner in the appeal, or to sue out a summons and severance, as to them. An application to amend the appeal by joining Richard D. Anderson and the partnership is also submitted. The consent of Richard D. Anderson and of the partnership to be joined in the appeal, and a waiver by them of notice of the appeal and of citation, and a stipulation to obey the orders of this court, in all respects, are filed with the motion to amend. The amendment is allowed and the motion to dismiss the appeal is denied, after allowance of the amendment.

The appeal may be disposed of by deciding a single question. Adjudication could be had only by showing that the bankrupt had committed an act of bankruptcy. The petitioning creditors relied on but one act of bankruptcy. It was that because of insolvency a receiver had been put in charge of the bankrupt's property under the laws of Florida. Bankruptcy Act of 1898, § 3a, subd. 4 (Comp. St. § 9587). If the petitioning creditors have failed to make out this act of bankruptcy, the adjudication should be set aside. That a receiver of the bankrupt firm had been appointed by the state comptroller, his appointment confirmed by a judge of the circuit court of Duval county, Fla., as required by law, is shown by the record. The dispute arises as to whether the receiver was appointed "because of insolvency." Section 4162 of the Revised General Statutes of Florida of 1920 provides that if the state comptroller shall become satisfied that any state banking corporation or firm has become insolvent and is in default, or that its affairs are in an unsound condition or threatened with insolvency, or that its liabilities exceed its assets, or that it is transacting business in violation of law, or that it is violating, or permitting any of its officers, agents, or servants to violate, any of the provisions of law relating to banks, he may forthwith designate and appoint a receiver to take charge

of the assets and affairs of such bank. The section also provides for notice to the banking corporation or firm of the appointment of the receiver, and that the comptroller would apply at a date named to some circuit judge, having jurisdiction, for an order confirming the appointment of the receiver. The banking corporation is accorded the right to contest the legality of the appointment. Under this section, on March 6, 1922, the state comptroller, upon the affidavit of a state bank examiner that Anderson & Co. was "insolvent and unable to meet its obligations," appointed the United States Trust Company, receiver for Anderson & Co., reciting that Anderson & Co. had "become insolvent and unable to meet its obligations." On March 11, 1922, Hon. Daniel A. Simmons, one of the circuit judges for the Fourth judicial circuit of Florida made an order confirming the appointment upon a finding by him that Anderson & Co. were "insolvent." In the case of Bryan et al. v. Bullock, 84 Fla. 179, 93 South. 182, the Supreme Court of Florida construed these provisions as creating, not a court receivership, but only a court confirmation of a comptroller's receivership. The record presents two questions: (1) Was the receiver appointed by the state comptroller such a receiver as is intended by section 3a, subd. 4 (as amended) of the Bankruptcy Act of 1898; and (2) whether, if so, the receiver can be said to have been put in charge of the assets of the bankrupts "because of insolvency" within the meaning of the same section of the Bankruptcy Act.

We think the case of U. S. v. Oklahoma, 261 U. S. 253, 43 Sup. Ct. 295, 67 L. Ed. 638, answers both these questions adversely to the right of adjudication. In that case a receiver had been appointed by a state banking commissioner for a state bank, under a law (section 302, c. 6, of the Revised Laws of Oklahoma 1910) providing for such an appointment when the commissioner was satisfied of the insolvency of the bank. The United States intervened, claiming a priority under U. S. R. S. § 3466 (Comp. St. § 6372), for a deposit it had, as trustee, in the bank. Section 3466, as construed, made the right to the priority to depend upon the debtor having committed an act of bankruptcy, and so evidenced his insolvency. The United States contended that the receivership in the state proceeding was such an act of bankruptcy. The Supreme Court held that "insolvency" under the state law meant inability to pay obligations as they matured, and to continue as a going concern, while under the Bankruptcy Act of 1898 "insolvency" was defined to be insufficient assets, at a fair valuation, to pay debts. The Supreme Court further held that the appointment of a receiver under the Oklahoma banking law was not "because of insolvency" within the meaning of section 3a, subd. 4 (as amended) of the Bankruptcy Act, and so did not constitute an act of bankruptcy. It further held that such a receiver was not a receiver put in charge "because of insolvency," but acted as an arm or instrumentality of the state in the exercise of its police powers for the protection of depositors. While the Oklahoma case was not a case in bankruptcy, it was necessary for the Supreme Court to decide in it whether the appointment of the receiver was an act of bankruptcy, in order to determine the question of the claimed

priority of the United States under section 3466, and it decided that it was not.

The Florida statute clearly contemplates the appointment of a receiver in cases in which the bank has assets in less amount than liabilities. One of the many grounds for such action, mentioned in section 4162, is "that its liabilities exceed its assets." This was not the ground invoked by the comptroller in this case. The ground upon which he did rely was that "the firm has become insolvent and is in default." This does not imply a necessary shortage of assets to pay debts, but a mere inability to meet current maturities. Another ground for action, provided for by the statute, is that the bank's "affairs are in an unsound condition or threatened with insolvency." The requirement of the Florida statute for a court confirmation of the appointment made by the comptroller does not distinguish the Florida case from the Oklahoma case. The administration of the insolvent bank is not intrusted to the circuit court under the Florida statute; but is left under the supervision of the comptroller. The circuit court proceeds no further than to confirm or reject the appointment. The receiver continues, after confirmation, a receiver accountable, not to the court that confirms him, but to the comptroller, who selected and appointed him.

As no act of bankruptcy was shown, the order of adjudication appealed from must be reversed, and the cause remanded to be proceeded with in conformity to this opinion.

Reversed and remanded.