**UNITED STATES v. BLISS.**
No. 314.

District Court, D. Nebraska, Lincoln Division.
April 28, 1930.

J. C. Kinsler, U. S. Dist. Atty., and Geo. Keyser, Asst. U. S. Dist. Atty., both of Omaha, Neb., for the United States.

C. M. Skiles, of Lincoln, Neb., for defendant.

MUNGER, District Judge.

In this case the United States asks a prior lien on the assets of a state bank now in the hands of the defendant as a receiver. The suit is brought under the provisions of section 3466, Revised Statutes (title 31 U. S. Code, § 191 [31 USCA § 191]), which reads as follows:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

The Department of Trade and Commerce of the State of Nebraska took possession of the bank about April 26, 1929. Afterwards, the defendant was appointed by the state court as a receiver for the bank. The insolvency of the bank at the time the Department of Trade and Commerce took possession, and at the time the receiver was appointed, is stipulated. United States v. Oklahoma, 261 U. S. 253, 43 S. Ct. 295, 67 L. Ed. 638.

Under the federal statute which has been quoted, if an insolvent debtor commits an act of bankruptcy, the United States is entitled to priority in the payment of its claim against the debtor's estate when the estate is in the control of an officer whose duty it is to apply it to the payment of the debts against it. A state bank may commit an act of bankruptcy although, as a bank, it is exempt from the operation of the Bankruptcy Act. Bramwell v. U. S. Fidelity Co., 269 U.

S. 483, 46 S. Ct. 176, 70 L. Ed. 368. Before the 1926 amendment of the Bankruptcy Act, the appointment of a receiver for a bank was not necessarily an act of bankruptcy because the appointment might have been made upon other grounds than the insolvency of the bank. United States v. Oklahoma, 261 U. S. 253, 262, 43 S. Ct. 295, 67 L. Ed. 638; Anderson v. Myers (C. C. A.) 296 F. 101. Section 3 of the Act of Congress of May 27, 1926 (title 11 U. S. Code, § 21 [11 USCA § 21]), amending section 3a of the Bankruptcy Act, made it an act of bankruptcy if, "while insolvent, a receiver or a trustee has been appointed, or put in charge of his property." The omission in the amendment of the former condition, that the receivership or trusteeship must have been granted "because" of the insolvency, was a part of the general purpose of this amendatory act to broaden the Bankruptcy Act and to make it more extensive in scope. The facts in this case show both elements of the act of bankruptcy, as now defined in the statute: (a) Insolvency, and (b) that a receiver was put in charge of the bank's property when it was insolvent. The agreed facts also show this insolvency before the receivership and when the Department of Trade and Commerce, by its agent (the Guaranty Fund Commission), took charge of the bank and held it until the receiver was appointed. In Adams v. United States (C. C. A.) 24 F.(2d) 907, it was held that the action of the supervisor of banking of the state of Washington in taking possession of the assets of a state bank for liquidation was an act of bankruptcy under the Bankruptcy Act before the 1926 amendment, and that the possession by the supervisor was possession by a receiver or trustee and the possession was because of insolvency. The rights and powers of the agent of the Nebraska Department of Trade and Commerce are described in the 1925 Session Laws of Nebraska, c. 30, p. 122 et seq. After the bank was taken over, the business of the bank could be conducted by the agent of the Department of Trade and Commerce, and he was required to retain possession of all its assets as against all mesne and final process of courts. Sections 11, 18, c. 191, Laws Neb. 1923, as amended by Laws Neb. 1925, c. 30, §§ 1, 4. If the agent concluded that the bank could not be preserved as a going concern, then the bank was to be liquidated. Sections 18, 20, 32, c. 191, Laws Neb. 1923, as amended by Laws Neb. 1925, c. 30, §§ 4–6. The general scope of the powers of the Department of Trade and Commerce, or of the Guaranty Fund Commission, or of the person in actual charge of the bank, is the same as those of the officer in charge of the bank as described in the case of Adams v. United States, supra, and for the reasons stated in that decision, it must be held that the defendant, the Nebraska State Bank of Humboldt, Neb., was in the hands of a receiver or trustee from April 26, 1929. In Bramwell v. U. S. Fidelity Co., 269 U. S. 483, 491, 46 S. Ct. 176, 70 L. Ed. 368, the court said of a similar officer's powers that they "were in substance the same as those of a trustee," and many other cases have held, under similar statutes, that a liquidating agent, placed in charge of a bank's affairs, under laws of a state, is in effect a receiver or trustee. United States v. Parker (D. C.) 9 F.(2d) 473; United States v. First State Bank (D. C.) 14 F.(2d) 543; United States v. People's Trust Co. (D. C.) 17 F.(2d) 437.

■■■ The defendant contends that the claim of the United States should be subordinated to the claims of depositors in the bank, by reason of section 12 of chapter 30 of the Session Laws of Nebraska 1925 (amending Laws Neb. 1923, c. 191, § 24), which reads as follows:

"The claims of depositors, for deposits, not otherwise secured, and claims of holders of exchange, shall have priority over all other claims, except federal, state, county and municipal taxes, and subject to such taxes, shall at the time of the closing of a bank be a first lien on all the assets of the banking corporation from which they are due *and thus under receivership*, including the liability of stockholders, and, upon proof thereof, they shall be paid immediately out of the available cash in the hands of the receiver."

It is to be observed that the depositors' lien is dated from the closing of the bank. The receiver was appointed June 3, 1929. The Department of Trade and Commerce took charge of the bank about April 26, 1929. The pleadings may support a conclusion that the bank remained open, but in charge of the Guaranty Fund Commission, until the receiver was appointed; but if it be conceded that the claims of the depositors and the claim of the United States both arose at the same time, at the closing of the bank, then the statute of the state giving the first lien to the depositors must give way to the statute of the United States, giving the first lien to the United States. "The priority given the United States cannot be impaired or superseded by state law." United States v. Oklahoma, 261 U. S. 253, 43 S. Ct. 295, 298, 67 L. Ed. 638; United States v. Porter (D. C.) 19 F.

(2d) 541; United States v. San Juan County (D. C.) 280 F. 120; Stover v. Scotch Hills Coal Co. (D. C.) 4 F.(2d) 748.

A decree will be entered accordingly.