## LOUIS BROWN *v.* GENERAL LAUNDRY SERVICE, INC., ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 89569

Memorandum filed April 4, 1955.

*Camp, Williams & Richardson,* of New Britain, for the plaintiff.

*Adrian W. Maher,* U.S. District Attorney, and *Edward J. Lonergan,* Assistant U.S. District Attorney, for United States of America.

*Nair & Nair,* of New Britain, for defendants William G. Dunn and Tingue Brown & Co.

*Harold Koplowitz,* of New Britain, for city of New Britain.

RYAN, J. This action was instituted to foreclose the first and second mortgages on New Britain real estate of the General Laundry Service, Inc. A judgment of foreclosure by sale was rendered by the Superior Court on June 22, 1951. Pursuant thereto the property was sold for $27,500. In addition to the proceeds of the sale of the mortgaged property, a receiver of rents reported collection of $571.24, making a total of $28,071.24 available for distribution. The court by its supplemental judgment dated December 18, 1951, ordered distribution to the respective parties in order of their priority as follows: To the committee and others for the expenses of the sale, $1761.09; to the city of New Britain for general taxes due on the foreclosed premises on the lists of 1946 to 1950 inclusive, $3075.07, and water assessments, $512.64, a total of $3587.71; to Louis Brown, the plaintiff, holder of the first and second mortgages, the sum of $15,319.35; to William G. Dunn of New Britain, holder of a judgment lien, the sum of $2017.18; to the United States of America for (1) federal insurance contributions, the assessment lists on which were received on various dates

in 1949 and 1950, (2) federal unemployment contributions for the year 1948, the assessment list of which had been received on June 26, 1950, and (3) withholding taxes, the assessment lists of which had been received on various dates in 1948, 1949 and 1950, a total of $8475.13.

The United States of America appealed to the Supreme Court of Errors, claiming that the tax and water liens of the city of New Britain did not take precedence of the claims of the United States of America for taxes. The city of New Britain entered into a stipulation of facts with the federal government and filed a brief and argued the case in the state Supreme Court. Neither the plaintiff nor any other defendant participated in the appeal either as appellant or appellee. The judgment of the Superior Court was affirmed by the Supreme Court of Errors. *Brown* v. *General Laundry Service, Inc.*, 139 Conn. 363. On writ of certiorari, the judgment of the Connecticut court was reviewed by the Supreme Court of the United States. *United States* v. *New Britain*, 347 U.S. 81. The Supreme Court vacated the judgment of the Connecticut Supreme Court of Errors and remanded the case to have determined the order of the various liens asserted in accordance with the opinion.

The liens in question are statutory. The pertinent language of the statutes involved follows.

Section 1853 of the General Statutes: "The interest of each person in each item of real estate, which shall have been legally set in his assessment list, shall be subject to a lien for that part of his taxes laid upon the valuation of such interest, as found in such list when finally completed. . . ." It goes on to provide that the lien shall exist from the first day of October or other assessment date of the municipality in the year previous to that in which the tax shall

have become due "and, during its existence, shall take precedence of all transfers and incumbrances, in any manner affecting such interest in such item, or any part of it."

Section 758 provides that water rates, if not paid when due, shall constitute a lien upon premises served, which lien shall take precedence over all other liens or incumbrances except taxes.

Section 3670 of the Internal Revenue Code: "PROPERTY SUBJECT TO LIEN. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

Section 3671 of the Internal Revenue Code: "PERIOD OF LIEN. Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time."

Section 3672 of the Internal Revenue Code: "VALIDITY AGAINST MORTGAGEES, PLEDGEES, PURCHASERS, AND JUDGMENT CREDITORS. (a) Invalidity of lien without notice. Such lien shall not be valid as against any mortgagee pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—(1) Under State or Territorial laws. In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory

has by law authorized the filing of such notice in an office within the State or Territory; or (2) With clerk of district court. In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated, whenever the State or Territory has not by law authorized the filing of such notice in an office within the State or Territory. . . ."

The Supreme Court laid down the following rules which this court is obliged to follow in determining the order of priority of the various liens asserted: (1) The first in time is the first in right. (2) The priority of each statutory lien contested must depend on the time it attached to the property in question and became choate. (3) A lien becomes choate when the identity of the lienor, the property subject to the lien, and the amount of the lien are established. (4) Federal tax liens are general and become choate at the time the assessment list is received in the office of the collector of internal revenue. (5) In the instant case, certain of the city's tax and water-rent liens attached to the specific property and became choate prior to the attachment of the federal tax liens. It is obvious that certain others became choate after the federal tax liens attached. (6) The United States is not interested in whether the state or its political subdivisions receive taxes and water rents prior to mortgagees and judgment creditors. That is a matter of state law. But as to any funds in excess of the amount necessary to pay the mortgage and judgment creditors, Congress intended to assert the federal liens. There is nothing in the language of § 3672 of the Internal Revenue Code to show that Congress intended antecedent federal tax liens to rank behind any but the specific categories of interest set out therein.

The United States of America is, therefore, entitled to share only in the excess of the amount

necessary to pay the plaintiff mortgagee and the judgment lienor, William G. Dunn. After deducting the judgment debt of the plaintiff mortgagee, the expenses of the sale and the amount of the judgment lien, there is on hand for distribution in which the federal government may share, the sum of $8973.62.

The parties are in agreement on the amounts of all the statutory liens involved; the time when the liens for water rent became choate; the time when the liens of the federal government for withholding, federal insurance contribution and unemployment taxes attached to the property and became choate upon the receipt of the assessment list for such taxes by the collector of internal revenue; the assessment dates of the real estate taxes of the city; and the fact that the tax rate of the city of New Britain is not established by the city's common council until the third Wednesday of the January following the assessment date (i.e. no earlier than January 15 or later than January 21 in any year). The city still claims that the assessment date, October 1, is the crucial one for the tax liens, but it is quite apparent that the amount of the lien cannot be established until the tax rate is set in January. Only when this is done does the lien become choate. Our own Supreme Court of Errors regarded them as inchoate. *Brown* v. *General Laundry Service, Inc.*, 139 Conn. 363, 372. The liens for water rates attached when due.

The total claim of the federal government in the sum of $8475.13 cannot be paid. Nor can the full amount due the city, $3587.71, be paid unless the city is entitled to priority over the judgment lienor, William G. Dunn. This defendant makes the following claims: (1) The supplemental judgment of this court of December 18, 1951, was a final judgment. (2) There was no general appeal by any party from the final supplemental judgment of this

court. (3) There was no motion for rehearing by this court within the time permitted by our statutes or rules of practice. (4) There was no defense to the complaint interposed by any party and no motion for trial of any issues. (5) The appeal to the Supreme Court of Errors was limited to the dispute as to the order of priority as between the United States of America and the city of New Britain with respect to the amounts set out to them, exclusive of the amount set out and ordered paid to the judgment lienor. (6) The judgment lienor was not made a party to the appeal. (7) The judgment of the Supreme Court of Errors was limited to the question, presented by the appeal, of whether the tax liens of the United States or of the city of New Britain had priority with reference to the total amount set out to them. (8) The judgment lienor was not made a party to the proceedings before the Supreme Court of the United States. No service was ever made on him of the petition for writ of certiorari, nor was any motion ever presented by either the United States or the city of New Britain to cite him in. (9) The judgment of the Supreme Court of the United States was limited to the question presented as to the order of priority between the United States and the city of New Britain respecting the amounts set out to them. (10) The remand was similarly limited to the question presented. (11) The order of priority of liens other than those of the United States of America and the city of New Britain was determined by the supplemental judgment of this court of December 18, 1951 and is res judicata. (12) The city of New Britain is estopped by the doctrine of res judicata and its laches from further proceedings.

All parties to the supplemental judgment were afforded the opportunity to participate in the appeal. It is true that a judgment in favor of one of

two defendants and against the other, upon a severable cause of action ex contractu, if not appealed from by the plaintiff, becomes final as between him and the successful defendant, although the losing defendant does appeal; nor does the successful defendant become a party to such appeal. *Donnarumma v. Korkin,* 97 Conn. 223. There the cause of action was severable. In the instant case the trial court gave first priority to the liens of the city of New Britain in full. Any change made by the decree of an appellate court in the order of priority as to any party must, of course, affect the remaining parties to whom distribution was ordered by the supplemental judgment. The city of New Britain was not an appellant but an appellee. It would have been quite content to accept the amount due it without further litigation. To hold that because the defendant Dunn remained silent and inactive while the city was opposing the claim of the federal government he is now in a position to prevent the city from collecting the full amount of its claim would be unsound and unrealistic. So far as state law is concerned, it is clear that with the exception of a portion of the liens of the federal government, the liens of the city take precedence over any incumbrance on the property irrespective of the time at which that incumbrance might have attached. This means that the city may resort to the proceeds from the sale of the property which the previous supplemental judgment applied to payment of the judgment lien, and if it becomes necessary, the mortgage indebtedness. "This is the inevitable result of the application of the Act of Congress and of the state law." *Samms v. Chicago Title & Trust Co.,* 349 Ill. App. 413.

The court finds that there is due from the defendants to parties in this action, upon the incumbrances designated in order of their priority, sums as follows:

| LIENOR | LIEN | PERTINENT DATE | AMOUNT |
|--------|------|----------------|--------|
| New Britain | Water | December 1, 1947 | $ 4.19 |
| New Britain | Taxes | January 15-21, 1948 | 628.57 |
| U. S. | Withholding | April 26, 1948 | 357.07 |
| New Britain | Water | June 1, 1948 | 6.15 |
| U. S. | Withholding | October 22, 1948 | 1152.90 |
| New Britain | Water | December 1, 1948 | 4.51 |
| U. S. | Withholding | January 14, 1949 | 991.60 |
| New Britain | Taxes | January 15-21, 1949 | 598.75 |
| U. S. | Withholding | April 27, 1949 | 1038.14 |
| U. S. | Withholding | May 27, 1949 | 1002.29 |
| New Britain | Water | June 1, 1949 | 5.74 |
| New Britain | Water | June 1, 1949 | 96.10 |
| U. S. | F.I.C. | June 20, 1949 | 212.76 |
| U. S. | Withholding | August 29, 1949 | 885.45 |
| U. S. | Withholding | November 28, 1949 | 1000.65 |
| New Britain | Water Rent | December 1, 1949 | 5.76 |
| New Britain | Water Rent | December 1, 1949 | 122.39 |
| U. S. | F.I.C. | December 16, 1949 | 245.48 |
| New Britain | Taxes (in part) | January 15-21, 1950 | 615.12 |

TOTAL $8973.62

This would give the United States of America the sum of $6886.34 and the city of New Britain the sum of $2087.28, leaving a balance due the city of $1500.43. It is therefore, necessary to resort to the proceeds of the sale of the property which had been applied in the previous supplemental judgment of this court to the judgment lien of William G. Dunn.

The clerk of the court has in hand the sum of $10,990.80 after payment of expenses of $1761.09. Upon payment to the clerk of the court of a judgment fee of $10, he shall pay the remainder of said proceeds as follows:

| | |
|---|---|
| United States of America | $ 6,886.34 |
| City of New Britain | 3,587.71 |
| William G. Dunn, c/o Attorney Israel Nair, New Britain | 506.75 |
| TOTAL | $10,980.80 |

## Recapitulation:

| | | | |
|---|---:|---|---:|
| Expenses | $ 1,761.09 | Sale Price | $27,500.00 |
| Judgment fee | 10.00 | Rents received | 571.24 |
| United States of America | 6,886.34 | | |
| City of New Britain | 3,587.71 | | |
| Louis Brown | 15,319.35 | | |
| William G. Dunn | 506.75 | | |
| | $28,071.24 | | $28,071.24 |

Judgment may enter accordingly.