Rollin A. Fancher, J.
The United States is a defendant lien holder in this mortgage foreclosure action, having filed a notice of appearance requesting service of all pleadings and papers and notice of all proceedings. A judgment of foreclosure and sale was signed by this court and entered on December 1, 1958. Pursuant to article 9 of the Civil Practice Act, the United States now seeks to correct and amend nunc pro tunc that judgment. It objects to so much of the judgment that requires the payment of all local tax and assessment liens against the mortgaged property out of the proceeds of sale before payment of the Federal tax liens. From the pleadings and papers in this action, it appears that six of the eight Federal tax liens in this action, on which $14,300.21 plus interest remains unpaid, were assessed prior to the date of the earliest local tax lien, a lien in favor of the City of Dunkirk. The Federal tax liens arise under sections 6321 and 6322 of the Internal Revenue Code of 1954. (U. S. Code, tit. 26, §§ 6321, 6322.) The United States contends that under applicable law Federal tax liens created under these sections are superior to all liens subsequent to them in time, such as the city tax liens involved here.
The judgment complained of conformed to the requirements of New York law. Sections 1087 and 1082 of the Civil Practice Act, and rule 259 of the Rules of Civil Practice authorize local tax and assessment liens to be paid out of the proceeds of sale in preference to all other liens, including the liens of the plaintiff mortgagee and the United States.
Federal law holds to the contrary, however. The leading case of United States v. New Britain (347 U. S. 81 [1954]) held that Federal tax liens in foreclosure actions are subordinate only to liens which became choate prior in time to the date of the Federal liens, and are superior to all other liens. In that case the United States Supreme Court overturned a Connecticut State court judgment of foreclosure and sale which had given first priority of payment, as required by Connecticut statutes, to all city tax liens and water charges. On remand from the Supreme Court, the State court ordered that a sum be first set aside from the proceeds of the sale equal to the amount of the liens which were prior in time to the Federal tax liens; that the various Federal and city tax liens be paid out of the remaining proceeds in the order of time in which they arose, *300 to the extent that snch proceeds were available; and that any city liens remaining unpaid be satisfied out of the proceeds which were set aside for the junior of the two liens prior in time to the Federal liens. (Brown v. General Laundry Service, 19 Conn. Supp. 335.)
The New Britain decision is controlling on this court. Federal law supersedes contrary New York law here, as it did Connecticut law in that ease because the relative priority of Federal tax liens is a matter of Federal law. (U. S. Const., art. I, § 8; United States v. New Britain, supra; Aquilino v. United States of America, 3 N Y 2d 511 [1957].)
The judgment of foreclosure and sale of this court dated December 1, 1958, therefore, is incorrect with respect to the relative priority of the Federal tax liens. It is correct, however, with respect to the relative priorities of the liens of all other defendants, who are bound by the New York law giving first priority to the local taxes, assessments and water rates which are liens upon the property sold.
The motion of the United States is granted.