[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#112)
The plaintiff, Joseph Cordani, tax collector for the town of Torrington, Connecticut, commenced this tax foreclosure action against the defendants, Carmine Stramiglia and Patricia Stramiglia. The eight count complaint also names as additional defendants parties who may claim an interest in the property, including the Lakeridge Tax District. The complaint alleges that the Lakeridge Tax District may claim an interest in the property by virtue of tax liens it has recorded against the Stramiglia's property. The defendant Lakeridge Tax District has filed a motion to strike on the grounds of misjoinder of a party.
The Lakeridge Tax District argues that a foreclosing lienor should never join as a defendant a tax district or taxing authority formed pursuant to General Statutes Sec. 7-325 if that tax CT Page 2298 district's interest arises solely by virtue of real property taxes. The Tax District contends that it has the same powers which municipalities hold concerning tax liens, and therefore the plaintiff's foreclosure action has no legal basis or effect on the Tax District's tax liens. Since no right of recovery exists against the Tax District, it argues that it should not be a defendant to this action.
The plaintiff does not dispute that the Lakeridge Tax District is a party to this action solely by virtue of its real property tax liens. The plaintiff contends that both parties enjoy positions of equal priority under General Statutes Sec. 12-172, and that the Tax District should remain a party to the action to fully protect the interests of both parties.
"The exclusive remedy for misjoinder of parties is by motion to strike." Practice Book § 198. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings."Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).
Municipal real property tax liens enjoy absolute priority over "all transfers and encumbrances in any manner affecting such interest in such item, or any part of it." General Statutes Sec.12-172. "Municipal taxes enjoy an absolute priority over all encumbrances." Cason, Connecticut Foreclosures, 2nd ed. Sec. 1.02A (1989) (Emphasis added); See also Voluntown v. Rytman,21 Conn. App. 275, 287, 573 A.2d 336 (1990).
The Lakeridge Tax District was formed pursuant to General Statutes Sec. 7-325 et seq. Section 7-328 delineates the taxing authority of districts such as the Lakeridge Tax District, and provides in part:
 . . . the district and the treasurer thereof shall have the same powers as towns and collectors of taxes to collect and enforce payment of such taxes, and such taxes when laid shall be a lien upon the property as in the same manner as town taxes, and such liens may be continued by certificates CT Page 2299 recorded in the land record office of the town, and foreclosed in the same manner as liens for town taxes.
General Statutes Sec. 7-328. Under this statute, the Lakeridge Tax District is treated the same as a town for purposes of foreclosing on tax liens.
Connecticut's tax lien foreclosure statute, General Statutes Sec. 12-181, also treats tax districts, such as the Lakeridge Tax District, as municipalities for purposes of tax lien foreclosures. Section 12-181 incorporates the definition of "municipality" found in Sec. 12-141 of the General Statutes, which includes in its definition "towns . . . and each municipal organization and taxing district not previously mentioned." Gen. Stat. Sec. 12-141. Thus, for purposes of Sec. 12-181, the Lakeridge Tax District falls within the definition of municipality.
Section 12-181 sets forth the procedure for foreclosure of municipal tax liens. The statute provides that "all municipalities having tax liens upon the same piece of real estate may join in one complaint for the foreclosure of the same." Id. In addition, the statute addresses the situation that has arisen in this case, where municipalities having tax liens on the same property have not joined in one complaint:
 If all municipalities having tax liens upon the same piece of real estate do not join in a foreclosure action, any party to such action may petition the court to cite in any or all of such municipalities as may be omitted, and the court shall order such municipality or municipalities to appear in such action and be joined in one complaint. The court in which action is commenced shall continue to have jurisdiction thereof and may dispose of such action in the same manner as if all the municipalities had commenced action by joining in one complaint. If one or more municipalities having one or more tax liens upon the same piece of property are not joined in one action, each of such municipalities shall have the right to petition the court to be made a party plaintiff to such action and have its claims determined in the same action, in which case the same court shall continue to have jurisdiction of the action and shall have the same CT Page 2300 rights to dispose of such action as if all municipalities had originally joined in the complaint. The court having jurisdiction under the provisions of this section may limit the time for redemption, order the sale of the real estate, determine the relative amount of the undivided interest of each municipality in real estate obtained by absolute foreclosure if two or more municipalities are parties to one foreclosure action or pass such other decree as it judges to be equitable.
General Statutes Sec. 12-181.
In this action, two "municipalities," Torrington and the Lakeridge Tax District, have tax liens upon the same piece of real estate, but only Torrington has brought this tax foreclosure action. The statute provides that in such a situation, the plaintiff "may petition the court to cite in any or all of such municipalities as may be omitted, and the court shall order such municipality . . . to appear in such action and be joined in one complaint." Id. The statute does not provide that municipalities who do not join in the complaint, such as the Lakeridge Tax District, are to be named as defendants. In this case, the plaintiff has named the Lakeridge Tax District a defendant. The Tax District, however, is not a proper defendant. As the plaintiff admits in its memorandum, it is not a subsequent encumbrancer, but enjoys an equal priority with the plaintiff since its interest arises solely from real property taxes. See Gen. Stat. Sec. 12-172. Additionally, Section 12-181 provides that if such a municipality is not made a party to the tax foreclosure action, its tax liens "shall not be thereby invalidated or jeopardized." Gen. Stat. Sec. 12-181. Thus, the plaintiff's foreclosure action would not impact the Tax District's lien if it was not a party to this action.
The plaintiff may wish to petition the court under Section 12-181
to cite in the Lakeridge Tax District so that it may be joined in the complaint. There is no basis, however, for naming the Lakeridge Tax District, whose interest arises solely from real property tax liens, a defendant to this tax foreclosure action.
For these reasons, the defendant Lakeridge Tax District's motion to strike on the grounds of misjoinder is granted. CT Page 2301
PICKETT, J.