[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This court makes the following findings of fact. The plaintiffs, Frank J. Godfrend and Hilde M. Godfrend, ("plaintiff'), by way of amended complaint dated February 22, 1999, brought an eight count action against the defendant Cornerstone Bank, ("defendant"), sounding in negligence, promissory estoppel, breach of contract, breach of the implied duty of good faith and fair dealing, fraudulent misrepresentation, negligent misrepresentation, tortious interference with financial expectancies and CUTPA, respectively. In its complaint the plaintiff alleges that the defendant wrongfully denied a loan/mortgage commitment of $210,000.00. Two successive closing dates were scheduled but the plaintiffs were unable to close on either date. Although many of the steps necessary to closing the loan/mortgage were completed an outstanding issue remained, the payment of $30,000.00 in delinquent real estate taxes on the property so as to give the defendant a meaningful first mortgage on the subject property.
The loan from the defendant was to be secured by a first
mortgage on the subject property located at 63 Stephen Street, and a second mortgage on 298 Chestnut Hill Road, Stamford, Connecticut, ("property"). (Emphasis added.) Plaintiffs Complaint, ¶ 6. The plaintiffs position, namely that payment of the delinquent taxes was not a prerequisite to the loan/mortgage, is inconsistent with its pleading giving the defendant bank a first mortgage on 63 Stephen Street given the totality of the evidence.[1] By way of background, but irrelevant for the purposes of our analysis, the property at 63 Stephen Street was solely owned by Frank Godfrend, while the property at 298 Chestnut hill Road was owned by both Frank and Hilde Godfrend. Moreover, the plaintiffs real property known as 63 Stephen Street, Stamford Connecticut was being foreclosed by Amity Bank.
This court finds that the defendant did not anticipate having a mortgage on the property subject to delinquent taxes. The mortgage application says that the purpose of the loan is "to CT Page 9976 clear outstanding debts." Plaintiffs Exhibit 19. Moreover, on the mortgage loan information sheet other conditions of the loan include that the loan is to be "[s]ecured by a first mortgage on 63 Stephen Street and a second mortgage on 298 Chestnut Hill Road, atop a first mortgage not to exceed $28,000.00." Plaintiffs Exhibits, 4, 17, 17A. The defendant bank did not contemplate the meaning of "first mortgage" to include a first mortgage on a property with unpaid taxes in the amount of $30,000.00. Moreover, the plaintiff is unable to point to any evidence which would suggest that having a first mortgage subject to $30,000.00 in delinquent municipal property taxes was ever considered by either of the parties when the application was filled out and when the bank committee originally approved the $210,000.00 loan. Furthermore, as evidenced by the bank loan committee's denial of a $240,000.00 loan to Frank Godfrend, the plaintiff needed an extra $30,000.00, in addition to the $210,000.00 mortgage, to pay outstanding tax liens on the property. The plaintiff now seeks to have this court enforce the original agreement for a $210,000.00 loan/mortgage on the property despite the existence of $30,000.00 in outstanding delinquent taxes.
"The law relating to the priority of interests has its roots in early Connecticut jurisprudence. A fundamental principle is that a mortgage that is recorded first is entitled to priority over subsequently recorded mortgages provided that every grantee has a reasonable time to get his deed recorded. . . ." (Citations omitted.) Independence One Mortgage Corporation v. Katsaros,43 Conn. App. 71, 73, 681 A.2d 1005 (1996). In terms of tax liens the applicable law suggests that "[m]unicipal real property tax liens enjoy absolute priority over all transfers and encumbrances in any manner affecting such interest in such item, or any part of it. . . . Municipal taxes enjoy an absolute priority over all encumbrances. . . ." (Citations omitted; internal quotation marks omitted.) Cordani v. Stramaglia, Superior Court, judicial district of Litchfield, Docket No. 066507 (March, 15, 1995,Pickett, J.) (14 Conn. L. Rptr. 164); see also Alqonquin GasTransmission Co. v. Schoonover, Superior Court, judicial district of Middlesex, Docket No. 065949 (August 3, 1992, Higgins, J.) (finding that municipal tax liens have absolute priority); Caron, Connecticut Foreclosures, 3rd ed. § 1.02A (1997) (finding that "[m]unicipal taxes enjoy an absolute priority over all encumbrances, so a municipality is never a proper party to any foreclosure of a mortgage or lien, at least where its interest is limited to delinquent real property taxes"). By way of background the above authorities discussing municipal tax liens are applying CT Page 9977 General Statutes § 12-172.[2]
Despite the above statutory law, case law and treatise the plaintiff tries to cloud the legal waters by saying that mortgagees may hold valid first mortgages subject only to the taxes owed to the town. See New England Savings Bank v. MeadowLakes Realty Co., 243 Conn. 601, 603, 706 A.2d 465 (1998). The plaintiff also argues that despite the arrearage of $30,000.00 the defendant will still have a valid first mortgage. While this contention may be accurate it need not be addressed because there is no case law to suggest that the defendant must honor its commitment when there are delinquent taxes due. The terms of the transaction were that the loan's purpose was to clear up outstanding debt on the property. The defendant bank is, consequently, under no obligation to fulfill the loan commitment when it will take subject to delinquent taxes. Arguing that the defendant can have a valid first mortgage despite the delinquent taxes may be legally accurate under certain circumstances but ignores the fact that the defendant bank did not contemplate such a situation.
Applying the law to the facts of this case the defendant should not be made to go forward with the $210,000.00 loan given the fact that there are at least $30,000.00 in past due delinquent taxes. The plaintiff said, in its mortgage application, that the purpose of the loan was to clear outstanding debts on the property. There is no basis in law and no authority has been cited by the plaintiff to make the defendant absorb a $30,000.00 loss in past due taxes when and if there is a foreclosure on the property. The terms of the transaction were for a $210,000.00 with no delinquent taxes on the property. The plaintiff cannot now assert that it is either entitled to a $240,000.00 loan or a $210,000.00 loan with $30,000.00 in delinquent taxes due. Allowing the plaintiff either one of these options would in effect be letting the plaintiff change the terms of the agreement after the plaintiff realized that it could not comply with the original terms. As such, judgment shall enter for the defendant.
HICKEY, J