### UNITED STATES v. SAN JUAN COUNTY, WASH., et al.

(District Court, W. D. Washington, Northern Division. January, 1922.)

#### No. 258.

Internal revenue ⊚⟹26—Taxes due from insolvent have priority over state taxes.

Under Const. art. 6, providing that "this Constitution and the laws of the United States which shall be made in pursuance thereof * * * shall be the supreme law of the land," and Rev. St. § 3466 (Comp. St. § 6372), enacted in 1797, providing that, "whenever any person indebted to the United States is insolvent * * * the debts due to the United States shall be first satisfied," taxes due to the United States from an insolvent corporation have priority over taxes due under the laws of the state.

In Equity. Suit by the United States against San Juan County, Washington, John L. Murray, County Treasurer, and C. E. Hackett, Sheriff, of said County. Decree for the United States.

Thomas P. Revelle, U. S. Atty., and John A. Frater, both of Seattle, Wash., for the United States.

Samuel R. Buck, of Friday Harbor, Wash., for defendants.

NETERER, District Judge. The San Jaun Canning Company, an insolvent corporation, is indebted to the United States by reason of income tax and penalties for year 1917. On the 28th of May, 1921, after demand and refusal to pay, a warrant of distraint was levied upon the personal property of the Canning Company, located in San Jaun county, and sale advertised for June 15, 1921. Thereafter the sheriff of San Juan county levied upon the property to collect the state and county taxes for year 1918, 1919, 1920, and advertized the property for sale June 10, 1921. On application of plaintiff the restraining order was issued and served upon the sheriff.

The issue now for determination is the priority of the claims. The plaintiff claims that under section 3466, R. S. (section 6372, C. S.; Act of March 3, 1797, the United States has priority. The county contends the contrary, and cites United States v. Nicholls, 4 Yeates (Pa.) 251, at page 259, where the court says:

"The rights of the general government to priority of payment, and the rights of individual states, are contemplated as subsisting at the same time, and as perfectly compatible with each other. This only can be effected by giving preference to each existing lien, according to its due priority in point of time. I know of no other mode whereby the several conflicting claims can with justice be protected and secured."

---

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

The Constitution of the United States (article 6) provides:

"This Constitution and laws made in pursuance thereof shall be the supreme law of the land in every state, and the judges shall be bound thereby."

Section 8, art. 1, of the Constitution empowers the Congress to list and collect taxes, duties, etc., which shall be uniform throughout the United States. The Supreme Court, in United States v. Snyder, 149 U. S. 210, 214, 13 Sup. Ct. 846, 848 (37 L. Ed. 705), says:

"The grant of the power and its limitation are wholly inconsistent with the proposition that the state can by legislation interfere with the assessment of federal taxes."

In Murray v. Hoboken Land & Improvement Co., 18 How. 281, 15 L. Ed. 372:

"The power to collect and disburse revenue, and to make all laws which shall be necessary and proper for carrying that power into effect, includes all known and appropriate means of effectually collecting and disbursing that revenue, unless some such means should be forbidden in some other part of the Constitution."

Section 3186, R. S. (section 5908, Comp. St.), provides:

"If any person liable to pay any tax neglects or refuses to pay same after demand, the amount shall be a lien in favor of the United States from the time it was due until paid, with the interest, penalties, * * * that may accrue in addition thereto, upon all property and rights to property belonging to such person."

The lien, however, is not valid against the judgment creditors, mortgagees, etc., unless notice is filed in the clerk's office of such county. Neither the state nor county are judgment creditors, mortgagees, or purchasers, and hence are not affected by the provisions of section 5908, Comp. St. (section 3186, R. S.).

The power of taxation is an indispensable incident to sovereignty, and by the provisions of the Constitution and laws a grant in favor of the United States is paramount in the event of the insolvency of the debtor. Section 6372, Comp. St.; section 3466, R. S.:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority hereby established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

The Supreme Court in United States v. Fisher, 2 Cranch (6 U. S.) 358, 2 L. Ed. 304, Justice Marshall, writing for the court, said:

"This claim of priority on the part of the United States will, it has been said, interfere with the right of the state sovereignties respecting the dignity of debts, and will defeat the measures they have a right to adopt to secure themselves against delinquencies on the part of their own revenue officers. But this is an objection to the Constitution itself. The mischief suggested, so far as it can really happen, is the necessary consequence of the supremacy of the laws of the United States on all subjects to which the legislative power of Congress extends."

The United States is entitled to a decree.