**STOVER et al. v. SCOTCH HILLS COAL CO.**

(District Court, W. D. Pennsylvania. Dec. 20, 1924.)

No. 846.

Taxation ⬥509—Taxes due from Insolvent corporation are entitled to priority over state taxes.

Taxes due the United States from an insolvent corporation have priority over taxes due the state, and this right of priority is not affected by the fact that under the laws of the state the taxes due the state became a lien before the federal tax accrued.

In Equity. Suit by George J. Stover and another against the Scotch Hills Coal Company. On exceptions to master's report. Exceptions overruled.

H. K. Siebeneck, Sp. Deputy Atty. Gen., for the United States.

Hindman & MacConnell, of Pittsburgh, Pa., for special master.

SCHOONMAKER, District Judge. This case now comes before the court on exceptions to the master's report in awarding priority of payment to the United States government of corporate taxes of $46.68 over a capital stock and corporate loan tax of the commonwealth of Pennsylvania and a state workmen's insurance fund assessment of the commonwealth of Pennsylvania; also in allowing to the receiver in this case a commission in the sum of $1,500. The cash balance in the hands of the receiver for distribution was $628.46. After deducting the master's fee and expense of advertising and holding hearings before the master, $216.86, there was left $411.60 for distribution. Of this amount there was awarded to the United States, $46.68, the United States corporate tax for the year ending June 30, 1923, and the balance for distribution was awarded to the commonwealth of Pennsylvania on account of corporate loan and capital taxes filed and approved October 14, 1921, in the sum of $364.92. The commonwealth had a much greater sum due it for corporate loan and capital stock taxes, as well as taxes for the workmen's state insurance fund, and thereupon filed these exceptions to the master's report.

We have carefully reviewed the findings of the master and his report, allowing priority to the claim of the United States government over the claim of the commonwealth of Pennsylvania. We conclude that the master committed no error in that award. The right of the United States to claim priority in payment of its taxes over those of a state has, we think, been thoroughly established. We need only to quote from Mr. Justice Marshall in the case of United States v. Fisher, 2 Cranch (6 U. S.) 358, 2 L. Ed. 304:

"This claim of priority on the part of the United States will, it has been said, interfere with the right of the state sovereignties respecting the dignity of debts, and will defeat the measures they have a right to adopt to secure themselves against delinquencies on the part of their own revenue officers. But this is an objection to the Constitution itself. The mischief suggested, so far as it can really happen, is the necessary consequence of the supremacy of the laws of the United States on all subjects to which the legislative power of Congress extends."

The Assistant Attorney General of Pennsylvania contends that, inasmuch as these tax claims of the state became first liens in accordance with the provisions of the Acts of Assembly of Pennsylvania at a date prior to the accruing of the tax claim of the United States, they therefore occupy a position which would entitle them to first payment ahead of the federal claim. The commonwealth of Pennsylvania's claim to priority here rests upon the exercise of its own sovereign power by its own act of assembly, and that of the United States also rests on the sovereign powers of the federal government by act of Congress. The two claims here conflict, and in such a case priority must be awarded, both under the Constitutions of the United States and that of Pennsylvania, to the United States. The most recent case which establishes this principle is that of United States v. San Juan County (D. C.) 280 F. 120, which fully supports the views we have here expressed.

Counsel for the commonwealth has cited a number of authorities of Pennsylvania with reference to tax claims and liens, which, we think, have no bearing in the instant case, for the reason that in none of them was involved the same issue as in the instant case; i. e., conflicting tax claims of the United States and a state. The exceptions to the master's report involving the award of priority of payment to the United States must be dismissed.

We come now to consider the exceptions to the receiver's fee of $1,500. Although the sale price of the property was but $15,000, yet, after reviewing carefully what the receiver has done in connection with this case, we are satisfied that the compensation claimed, $1,500, is a reasonable compensation for the services rendered by the re-

ceivers, and therefore dismiss the exceptions to allowance of this sum to them.

On the whole case, the exceptions to the master's report are all dismissed, and an order may be entered, confirming his report absolutely.