LOUIS BROWN *v.* GENERAL LAUNDRY SERVICE, INC., ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 6—decided December 30, 1952

*Louise Foster,* of the District of Columbia bar, special assistant to the attorney general, with whom were *Edward J. Lonergan,* assistant United States attorney, and, on the brief, *Adrian W. Maher,* United States attorney, and *A. F. Prescott,* special assistant to the attorney general, for the appellant (defendant United States).

*Harold Koplowitz,* for the appellee (defendant city of New Britain).

INGLIS, J. The question to be decided on this appeal is whether, in an action to foreclose mortgages on real property, the general liens for taxes due the United States have priority over perfected municipal liens for taxes and water rates assessed against the property in question.

The action was instituted to foreclose the first and second mortgages on real property located in New Britain and owned by the named defendant. The first mortgage was dated March 28, 1946, and the second, November 18, 1946. A judgment of foreclosure by sale was rendered on June 22, 1951. Pursuant thereto, the property was sold for $27,500. In the supplemental judgment, the court found that the property was subject to the following incumbrances: the two mortgages to the plaintiff; a judgment lien dating from August 18, 1950, in favor of the defendant Dunn; liens for taxes and water assessments due the city of New Britain, totaling $3587.71; and liens in favor of the United States for various taxes, in

the total amount of $8475.13 plus interest. The tax liens of the city were for taxes which had become due in 1947, 1948, 1949, 1950 and 1951. The due dates of water rates for which the property was subject to liens ran from December 1, 1947, to June 1, 1951. The liens of the United States were for (1) federal insurance contributions for two quarters in 1949 and two quarters in 1950, the assessment lists of which had been received by the collector shortly after their respective due dates; (2) federal unemployment contributions for the year 1948, the assessment list of which had been received on June 26, 1950; and (3) withholding taxes, the assessment lists of which had been received at various times between April 26, 1948, and September 21, 1950. The government had given notice to the taxpayer, the named defendant, and demanded payment of the amount of the taxes. It had also, on March 19, 1951, filed notice of its tax liens in the office of the town clerk in New Britain and in the office of the clerk of the United States District Court in New Haven.

In addition to the proceeds of the sale of the mortgaged property, a receiver of rents reported that he had collected a net amount of $571.24, so that there was available for distribution a total amount of $28,071.24. By its supplemental judgment, the court ordered distribution to the respective parties in the following amounts and the following order: to the committee and others, for the expenses of the sale, $1761.09; to the city of New Britain, $3587.71; to the plaintiff, $15,319.35; to the defendant Dunn, the judgment lienor, $2017.18; to the United States, the balance remaining—$5385.91. From this judgment the United States has appealed. It does not attack so much of the judgment as directs the satisfaction in full of the claims of the plaintiff and the

defendant Dunn. It does contend that its claim should have been given priority over that of the city of New Britain.

The city's claim of priority is based on §§ 1853 and 758 of the General Statutes. Section 1853 reads: "The interest of each person in each item of real estate, which shall have been legally set in his assessment list, shall be subject to a lien for that part of his taxes laid upon the valuation of such interest, as found in such list when finally completed . . . ." It goes on to provide that the lien shall exist from the first day of October or other assessment date of the municipality in the year previous to that in which the tax shall have become due "and, during its existence, shall take precedence of all transfers and incumbrances, in any manner affecting such interest in such item, or any part of it." Section 758, after authorizing municipalities to assess water rates against the owners of properties connected with its water system, provides that such rates or charges, if not paid when due, shall constitute a lien upon the premises served, which lien shall take precedence over all other liens or incumbrances except taxes. The word "taxes" as here used means only those taxes which may be assessed in favor of the state or some subdivision thereof and which, under the law, are secured by specific liens upon real property. So far as state law is effective, it is clear that the liens of the city of New Britain on the property under foreclosure would take precedence over any other incumbrance on the property, irrespective of the time at which that incumbrance might have attached.

The first question, therefore, is whether the state law is effective to control the decision of this case or whether the federal government has the power

to override, and, acting by the Congress, has over-ridden, the state legislation. The state of Connecticut is a sovereign state in its own right and to a certain extent is, in the exercise of sovereign power, independent of the United States. *Hoxie* v. *New York, N.H. & H.R. Co.,* 82 Conn. 352, 355, 73 A. 754. The power to authorize its subdivisions to assess taxes and to provide means whereby the collection of those taxes may be secured is an exercise of the state's sovereignty. On the other hand, the states, by ratifying the federal constitution, have delegated to the United States the power to levy and collect taxes. U.S. Const. Art. 1 § 8. Furthermore, the states have agreed, by ratifying article VI of the federal constitution, that any constitutional enactment of the Congress shall be the supreme law of the land. It follows that the Congress has the power to make provision for the collection of any properly laid tax by enacting that the tax shall be a lien taking precedence over all other liens, even those for taxes assessed by a state. *Michigan* v. *United States,* 317 U.S. 338, 340, 63 S. Ct. 302, 87 L. Ed. 312; *United States* v. *Snyder,* 149 U.S. 210, 214, 13 S. Ct. 846, 37 L. Ed. 705; *United States* v. *San Juan County,* 280 F. 120, 121; *Exchange National Bank* v. *United States,* 147 Wash. 176, 182, 265 P. 722. Whether Congress has exercised that power to the extent that it has given the federal liens priority over those in favor of the city of New Britain is the crucial question in the present case.

The enactment of Congress upon which the federal government bases its claim in this case, and the only federal legislation pertinent to the present situation, is §§ 3670-3672 of the Internal Revenue Code. 53 Stat. 448, as amended, 26 U.S.C. §§ 3670-3672 (1946). The relevant portions of those sections

are quoted in the footnote.[1] To summarize them, §§ 3670 and 3671 provide that the amount of any tax due to the United States shall be a lien upon all the property and rights to property of the debtor, which "lien shall arise at the time the assessment list was received by the collector" and shall continue until the tax has been paid or has become unenforceable. Section 3672 provides that the lien shall not be valid "as against any mortgagee, pledgee, purchaser, or judgment creditor" until notice thereof has been filed by the collector either in some office designated by the law of the state in which the property subject to the lien is situated or, failing such designation, in the office of the United States District Court.

The United States has cited a long line of cases

---

[1] "Sec. 3670. PROPERTY SUBJECT TO LIEN. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

"Sec. 3671. PERIOD OF LIEN. Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time.

"Sec. 3672. VALIDITY AGAINST MORTGAGEES, PLEDGEES, PURCHASERS, AND JUDGMENT CREDITORS. (a) Invalidity of lien without notice. —Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector. (1) Under state or territorial laws.—In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory; or (2) With clerk of district court.—In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated, whenever the State or Territory has not by law authorized the filing of such notice in an office within the State or Territory. . . ."

which hold that under some circumstances debts due the United States take precedence over antedating liens for taxes due a state or municipality, where the latter are general and inchoate. *Illinois ex rel. Gordon* v. *Campbell,* 329 U.S. 362, 370, 67 S. Ct. 340, 91 L. Ed. 348; *New York* v. *Maclay,* 288 U.S. 290, 292, 53 S. Ct. 323, 77 L. Ed. 754; *Spokane County* v. *United States,* 279 U.S. 80, 93, 49 S. Ct. 321, 73 L. Ed. 621; *Stover* v. *Scotch Hills Coal Co.,* 4 F.2d 748; *Spokane Merchants' Assn.* v. *State,* 15 Wash. 2d 186, 188, 189, 130 P.2d 373; *Exchange National Bank* v. *United States,* 147 Wash. 176, 182, 265 P. 722; *United States* v. *Texas,* 314 U.S. 480, 486, 62 S. Ct. 350, 86 L. Ed. 356; *United States* v. *Reese,* 131 F.2d 466, 468. The distinguishing feature of these cases is that they were all decided under § 3466 of the Revised Statutes (1875), 31 U.S.C. § 191 (1946). Section 3466 provides: "Whenever any person indebted to the United States is insolvent ... the debts due to the United States shall be first satisfied ...." This section applies only to cases in which the person indebted to the United States has been adjudged insolvent. It has no application in a case such as the present, in which the taxpayer has not been so adjudged. *Equitable Trust Co.* v. *Connecticut Brass & Mfg. Corporation,* 290 F. 712, 719.

Nor does the reasoning by which the result was reached in the cases relied upon by the government apply to the situation involved in the present case. In each of them the lien for state taxes was both inchoate and general at the time the federal lien attached. In the instant case the liens in favor of the municipality were both perfected and specific. See *United States* v. *Alabama,* 313 U.S. 274, 280, 61 S. Ct. 1011, 85 L. Ed. 1327; *Merchants Bank & Trust Co.* v. *Pettison,* 112 Conn. 652, 656, 153 A. 789. In a case

falling within the provisions of § 3466, it would obviously be so, as the cases hold, that the United States must be paid first out of the insolvent's assets and that those assets would consist of all of his property except to the extent that it was subject to a perfected and specific lien. The existence of a general or inchoate lien against the property of an insolvent would not deprive him of his property rights in any of his particular assets. In this respect § 3466 is fundamentally different from §§ 3670-3672. As will appear presently, §§ 3670-3672 make no provision for the priority of federal liens over antedating liens in favor of others even though the latter may be inchoate and general. There is nothing in the opinion in *United States* v. *Security Trust & Savings Bank,* 340 U.S. 47, 71 S. Ct. 111, 95 L. Ed. 53, to indicate, as claimed by the government, that this fundamental difference does not exist. Accordingly, § 3466 has no application either directly or by analogy to the present case. *Equitable Trust Co.* v. *Connecticut Brass & Mfg. Corporation,* supra, 723. That brings us to a reassertion that the case at bar, so far as the rights of the United States are concerned, is controlled exclusively by the provisions of §§ 3670-3672.

The important consideration with reference to §§ 3670 and 3671, taken by themselves and without reference to § 3672, is that not only do they omit to provide expressly that the federal lien shall take precedence over any antedating lien but also they in terms provide that the lien shall "arise" at the time the assessment list is received by the collector. It exists only from that time. The United States has no lien rights other than those created by statute. *Equitable Trust Co.* v. *Connecticut Brass & Mfg. Corporation,* supra, 718. The scope and effect of its

liens are to be determined solely from the statute and the proper interpretation thereof. *MacKenzie* v. *United States,* 109 F.2d 540, 541. Accordingly, nothing can be read into the two sections to enlarge the effect of liens over and above the effect which the plain wording of the statute gives to them. Inasmuch as these two sections expressly date a lien only from the time the collector receives the assessment list, the liens in question have no priority over incumbrances which antedate them. The principle ordinarily applicable to the determination of priority of incumbrances, namely, first in order of time, first in right, applies. *United States* v. *Greenville,* 118 F.2d 963, 966. The most that the United States could take under §§ 3670 and 3671 would be priority for its liens over those municipal liens which attached after its liens became effective. That is to say, the liens, whether they are in favor of the United States or the city of New Britain, would have priority in the order of the times at which they came into existence. See *Citizens Bank* v. *Vidal,* 114 F.2d 380, 384. The municipal liens for taxes were specific, since they were on a particular piece of property. Though inchoate, they attached on the first day of October in the year preceding that in which the taxes became due. General Statutes § 1853; *United States* v. *Sampsell,* 153 F.2d 731, 734. The liens for water rates attached as those rates became due. General Statutes § 758. The federal liens attached and became perfected on the dates when the assessment lists were received by the collector.

So much for the result which would be reached in this case if only §§ 3670 and 3671 of the Internal Revenue Code were applied. The application of § 3672 brings about a different result. The property under foreclosure was subject to two mort-

gages and a judgment lien. Since these had been placed on the property before notice of the federal liens was filed in the town clerk's office or in the office of the clerk of the United States District Court, they had priority over the federal liens. On the other hand, they were subordinate to the municipal liens. General Statutes § 1853; *Wilcox* v. *Bliss,* 116 Conn. 329, 334, 164 A. 659.

By authority of § 7192 of the General Statutes, it would have been permissible for the mortgagee to pay the municipal taxes and water rates, and if he had done so the amount thereof would have been added to his debt. Having become a part of his debt, they clearly, under § 3672 of the Internal Revenue Code, would have to be satisfied before the property could be applied to the satisfaction of the federal taxes. It would indeed be an anomalous situation if the priority of the liens for municipal taxes and water rates over the federal liens were dependent upon the election of the mortgagee to pay the amounts due to the city.

Moreover, if priority were accorded to the federal liens over those of the municipality, the result would have to be that either the rank of the municipal liens would be reduced below that of the mortgages and judgment lien, which would be in violation of the state law, or the position of the federal liens would be moved up to a place ahead of the mortgages and judgment lien, in violation of § 3672. It can hardly be assumed that the Congress intended any such result. The only reasonable interpretation of § 3672 is that the Congress, in enacting it, expressed the intention that federal liens should be subordinated to such mortgages and judgment liens as are described therein and, consequently, subordinated to such other incumbrances as have priority over those

mortgages and judgment liens. *Ferris* v. *Chic-Mint Gum Co.*, 14 Del. Ch. 232, 239, 124 A. 577; *Board of Supervisors* v. *Hart*, 210 La. 78, 93, 26 So. 2d 361. In other words, the Congress has not undertaken so to legislate that, under the circumstances present in this case, the federal liens would have priority over the municipal liens. It follows that the trial court was correct in concluding that liens of the city of New Britain for taxes and water rates had priority over the mortgages, the judgment lien and the liens of the United States.

There is no error.

In this opinion the other judges concurred.