ELSIE HOFMANN ET AL. *v.* THE UNITED WELDING & MANUFACTURING COMPANY

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 77408

Memorandum filed January 19, 1953.

*William M. Harney,* of Hartford, for the Plaintiffs.

*Frank R. Odlum, Joseph P. Cooney* and *Pelgrift, Dodd, Blumenfeld & Nair,* all of Hartford, and *James J. Dutton,* of Norwich, for the creditors.

*George C. Conway,* Attorney General, and *Louis Weinstein,* Assistant Attorney General, of Hartford, for State of Connecticut.

*Adrian W. Maher,* United States Attorney, of Bridgeport, and *Edward J. Lonergan,* Assistant United States Attorney, of Hartford, for United States of America.

TROLAND, J. The United States has a claim against the defendant corporation for $282,255.71 based on the renegotiation of contracts between it and the defendant. The United States also has a tax claim in the amount of $289,001.72 with interest. The total claim of government amounts to $571,257.43. The state of Connecticut has a claim against defendant for corporation taxes amounting to $5649.48. The claims of the federal government and the state of Connecticut accrued prior to the date of the receivership.

The receivership, on petition of the stockholders, took place on September 4, 1946. The receiver has about $200,000 in his hands. The federal government claims the entire fund. The state of Connecticut claims that the state should share pro rata with the federal government in the amount on hand, since both of these claims are preferred claims and there are no other claims which are equal to them with respect to priority of payment.

The federal government relies upon § 3466 of the Revised Statutes (1875) (31 U.S.C. § 191), which provides: "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors

or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority hereby established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or on which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed." The statute quoted is a restatement, without change of substance, of the act of March 3, 1797, 1 Stat. 515, § 5.

At first glance it would seem that the problem was simple. In the section of statutes quoted, the United States is asserting its right to be deemed a preferred creditor of any person, natural or artificial, whose property is being distributed among his creditors and is insufficient to pay all of them in full. The power of the Congress to pass the statute is beyond challenge. In the words of the Supreme Court of the United States, "The purpose of this section is 'to secure adequate public revenues to sustain the public burden' . . . and it is to be construed liberally in order to effectuate that purpose." *United States* v. *Emery,* 314 U.S. 423, 426. However, beginning shortly after this statute was enacted, and continuing at intervals through over 150 years, this statute has been subjected to a process of "judicial legislation."

The substance of these decisions is that by appending to the phrase "[w]henever any person indebted to the United States is insolvent" a series of illustrative cases, the Congress intended to confine the operation of the statute to the cases selected as illustrations. *United States* v. *Hooe,* 3 Cranch (7 U.S.) 73, 91; *Conard* v. *Atlantic Ins. Co.,* 1 Pet. (26 U.S.) 386, 439; *Beaston* v. *Farmers' Bank,* 12 Pet. (36 U.S.) 102, 132; *United States* v. *Oklahoma,* 261 U.S. 253; 39 Harv. L. Rev. 1.

There appears to be a tendency to limit the right of the federal government to the priority stated. For instance, in the last case cited above, it is stated (p. 262): "In order to give the priority specified in § 3466, there must be a case of an insolvent debtor who makes a voluntary assignment of his property, or a case in which the estate and effects of an absconding, concealed or absent debtor are attached by process of law, or a case in which an act of bankruptcy is committed." In *Prince* v. *Bartlett,* 8 Cranch (12 U.S.) 431, 434, the following is stated: "Insolvency must be understood to mean a legal and known insolvency manifested by some notorious act of the debtor pursuant to law: not a vague allegation, which, in adjusting conflicting claims of the United States and individuals, against debtors it would be difficult to ascertain."

The effect of the appointment of receivers has been discussed in a number of cases which are difficult to reconcile. It has been held that the condition in the phrase, "cases in which an act of bankruptcy is committed," in § 3466, was fulfilled by the appointment of a receiver "in circumstances sufficient to make such an appointment an act of bankruptcy."

In *Illinois ex rel. Gordon* v. *Campbell,* 329 U.S. 362, which was a case in which a receiver was appointed at the instance of a secured creditor, the allegations of the complaint included insolvency. The United States sought payment of its claims with benefit of priority under § 3466 over certain claims of the state of Illinois. The Supreme Court of the United States held (p. 369): "But in any event the record demonstrates that the debtor was insolvent at the time of the appointment of the receiver, for when its property was liquidated there was not enough to satisfy the claims of the two contesting creditors at the bar. Thus, the fifth act of bankruptcy was committed and in consequence the United States has the benefit of the priority given it by Rev. Stat. § 3466."

In the case now before this court the complaint filed by the plaintiff stockholders alleged that the defendant corporation was solvent, but that its assets were in danger of waste, etc. The business was operated by the receiver for a short period and liquidated. An inspection of the file indicates hopeless insolvency. However, while the court has had this case under consideration the Supreme Court of Errors in our state has decided that § 3466 "applies only to cases in which the person indebted to the United States has been adjudged insolvent." *Brown* v. *General Laundry Service, Inc.,* 139 Conn. 363, 370. The defendant United Welding and Manufacturing Company has not been adjudged insolvent. Therefore, following the above ruling of our Supreme Court of Errors this court is bound to hold that § 3466 does not apply, and that the debts due to the United States have no priority over those due the state of Connecticut in this case. The applicable rule then is found in General Statutes of Connecticut § 5226 (3), which provides for payment of claims against a corporation in receivership as follows: "all debts or taxes due to the United States, any state or territory or any political subdivision of any state or territory, upon a parity basis."

The following orders may enter:

1. The claim of the United States is allowed for $571,257.43. Interest to be added.

2. The claim of the state of Connecticut is allowed for $5649.48. Interest to be added.

3. All claims other than those of the United States and the state of Connecticut are disallowed.

4. The claim of the plaintiffs who are stockholders of the defendant that this court must re-examine and determine the amount of the federal tax and then direct that whatever sum is awarded to the federal

government be applied wholly on taxes is rejected. This claim is not supported by any authority.

5. The receiver is directed to pay the net amount on hand to the United States and the state of Connecticut in proportion to the face amount of their respective claims.