[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101)
The plaintiff, Associates Financial Services of America, Inc., brings the present action to foreclose on a mortgage executed by the defendant Samuel Sorensen. The plaintiff alleges that defendant Northern State Financial, LLC (Northern) is now the record owner of the property which was mortgaged by Sorensen. Defendant Northern now moves to strike the complaint on the ground the plaintiff fails to state a claim upon which relief can be granted. The defendant argues the plaintiff is attempting to foreclose a mortgage deed which the complaint shows has been extinguished by a tax sale. For the reasons stated below, the motion to strike is granted.
The plaintiff objects to the motion on the ground that the CT Page 1480 defendant improperly relies on facts and evidence outside of the plaintiff's complaint. The defendants have submitted copies of the tax collector's deed and a quitclaim deed in support of their motion. Generally, extraneous material annexed to a motion to strike constitutes an improper "speaking motion to strike."Connecticut State Oil Company v. Carbone, 36 Conn. Sup. 181,182-83, 415 A.2d 771 (Super.Ct. 1979). The defendants motion is not, however, a "speaking motion to strike." The legal grounds for the motion are based upon facts alleged in paragraph six of the complaint. In paragraph six of the complaint, the plaintiff alleges that Northern "is the record owner of the premises by virtue of a Quit Claim Deed from Robert A. Solari and Beecher A. Larson to [Northern] . . . recorded July 11, 1994 . . . . Said Robert A. Solari and Beecher A. Larson obtained title to the subject premises by virtue of a Tax Collector's Deed. . . ." Thus, the court does not have to refer to the extraneous material attached to the defendants motion in order to rule on the legal sufficiency of the complaint.
A tax lien is an encumbrance superior in order to a first mortgage on the subject premises. General Statutes § 12-172;Brown v. General Laundry Service, Inc., 139 Conn. 363, 373,94 A.2d 10 (1952); Wilcox v. Bliss, 116 Conn. 329, 334, 164 A. 659
(1933). General Statutes § 12-159 provides in pertinent part that:
 Any deed . . . purporting to be executed by a tax collector . . . shall be prima facie evidence of a valid and unencumbered title in the grantee to the premises therein purported to be conveyed and of the existence and regularity of all votes and acts necessary to the validity of the tax therein referred to, as the same was assessed, and of the levy and sale therefor . . . .
(Emphasis added.)
Since the plaintiff alleges in paragraph six of the complaint that defendant Northern took possession of the premises by virtue of a tax collectors deed, the plaintiff alleges that defendant Northern has a valid and unencumbered title in the premises. Because the plaintiff alleges that Northern has an unencumbered title in the premises, the plaintiff's cause of action to foreclose upon the extinguished mortgage is legally insufficient. Accordingly, the defendants' motion to strike the plaintiff's complaint must be granted. CT Page 1481
The motion to strike is granted.
THIM, JUDGE