# TOWN OF REDDING ET AL. *v.* GEORGETOWN LAND DEVELOPMENT COMPANY, LLC, ET AL.
## (SC 20322)

Robinson, C. J., and Palmer, D'Auria, Mullins,
Kahn and Ecker, Js.*

*Syllabus*

The plaintiffs, the town of Redding, the town water pollution control commission, and a regional fire district, sought to foreclose municipal liens against the defendant R Co., a tax lien investment company and assignee of certain real estate tax liens originally levied on real property by a special taxing district authorized by the legislature. The town and the fire district filed motions for partial summary judgment with respect to priority, claiming that, under a 2007 public act (P.A. 07-196, § 4 (b) (3)) giving the special taxing district's liens priority "over all other liens or

had shown a propensity in the past to target the defendant. The defendant, however, did not offer any evidence to contravene the substance of Salati's testimony that she unequivocally ordered the defendant, on November 27, 2015, not to reenter mall property. Defense counsel merely made an unsubstantiated argument regarding her general credibility. We conclude that this is insufficient to place the differentiating element of criminal trespass in the first degree in sufficient dispute so as to warrant an instruction on a lesser included offense. See *United States* v. *Whitman*, supra, 887 F.3d 1246–47 ("[in the absence of] any evidence to support the bare assertion of [a defendant's] lawyer that the government failed to prove an element of the greater offense, the trial court [i]s not required to instruct the jury about lesser included offenses" (internal quotation marks omitted)).

* The listing of justices reflects their seniority status on this court as of the date of oral argument.

Redding *v.* Georgetown Land Development Co., LLC

encumbrances except a lien for taxes of the town of Redding,'' their tax liens had priority over the liens that R Co. had acquired from the special taxing district. R Co. also filed a motion for partial summary judgment, claiming that its liens were of equal priority, rather than subordinate, to those of the town and the fire district. The trial court determined that the liens of the town and the fire district were superior to the liens acquired by R Co., granted the motions for partial summary judgment filed by the town and the fire district, denied R Co.'s motion, and rendered a judgment of strict foreclosure in favor of the town and the fire district. R Co. appealed from the judgment of strict foreclosure, claiming that the trial court incorrectly had concluded that its liens were subordinate to those of the town and the fire district. *Held* that the trial court correctly determined that the liens acquired by R Co. from the special taxing district were subordinate to those of the town but incorrectly concluded that they also were subordinate to those of the fire district; Connecticut statutes addressing the subject of lien priority indicate that the legislature intended the phrase "except a lien for taxes of the town" in the priority clause of P.A. 07-196, § 4 (b) (3), to convey, not just the absence of priority of the special taxing district's liens over the town's liens, but subordination to them, and the priority clause also clearly and unambiguously provided the special taxing district's lines with priority over those of the fire district.

Argued December 17, 2019—officially released September 21, 2020**

*Procedural History*

Action to foreclose municipal tax liens on certain real property owned by the named defendant, and for other relief, brought to the Superior Court in the judicial district of Danbury, where the defendant Georgetown Special Taxing District et al. were defaulted for failure to appear; thereafter, the case was transferred to the judicial district of Hartford, Complex Litigation Docket, where the court, *Miller, J.*, granted the motions for partial summary judgment with respect to priority filed by the named plaintiff and by the plaintiff Georgetown Fire District and denied the motion for partial summary judgment with respect to priority filed by the defendant RJ Tax Lien Investments, LLC; subsequently, the court, *Schuman, J.*, rendered judgment of strict foreclosure, from which the defendant RJ Tax Lien Investments,

** September 21, 2020, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

Redding *v.* Georgetown Land Development Co., LLC

LLC, appealed. *Reversed in part*; *vacated in part*; *judgment directed.*

*Anthony J. LaBella*, with whom, on the brief, were *Deborah M. Garskof* and *Neal L. Moskow*, for the appellant (defendant RJ Tax Lien Investments, LLC).

*Adam J. Cohen*, with whom were *Michael LaVelle* and *Lukas J. Thomas*, for the appellees (named plaintiff et al.).

*Opinion*

MULLINS, J. This appeal requires us to determine the priority of tax liens levied on real property by the Georgetown Special Taxing District (taxing district) pursuant to No. 07-196, § 4 (b) (3), of the 2007 Public Acts (P.A. 07-196)[1] relative to tax liens held by other municipal entities on that same property. The plaintiffs, the town of Redding (town), the Redding Water Pollution Control Commission (commission), and Georgetown Fire District (fire district), brought this action to foreclose municipal liens against the defendant RJ Tax Lien Investments, LLC,[2] an assignee of real estate tax

[1] Public Act 07-196, § 4 (b) (3), provides: "In order to provide for the collection and enforcement of its taxes, fees, rents, benefit assessments and other charges, the [taxing] district is hereby granted all the powers and privileges with respect thereto as districts organized pursuant to section 7-325 of the general statutes, and as held by municipal corporations or as otherwise provided in this section. Such taxes, fees, rents or benefit assessments, if not paid when due, shall constitute a lien upon the premises served and a charge against the owners thereof, which lien and charge shall bear interest at the same rate as delinquent property taxes. Each such lien may be continued, recorded and released in the manner provided for property tax liens and shall take precedence over all other liens or encumbrances except a lien for taxes of the town of Redding. Each such lien may be continued, recorded and released in the manner provided for property tax liens."

[2] Numerous other entities, as well as one individual, were named as defendants, including the taxing district and Georgetown Land Development Company, LLC, which owned the properties at issue in the foreclosure action. None of these other defendants is a party to this appeal. For the sake of clarity, we refer to RJ Tax Lien Investments, LLC, as the defendant throughout this opinion, and the other, nonparticipating defendants by name when necessary.

Redding *v.* Georgetown Land Development Co., LLC

liens originally levied by the taxing district. The town
and the fire district filed motions for partial summary
judgment with respect to priority, asserting that, under
P.A. 07-196, § 4 (b) (3), their tax liens had priority over
the liens that the defendant had acquired from the tax-
ing district. The trial court agreed, granted their motions
for partial summary judgment, and subsequently ren-
dered a judgment of strict foreclosure in favor of the
town and the fire district. The defendant appeals from
the judgment of strict foreclosure, claiming that the
trial court incorrectly concluded that its liens were
subordinate to those of the town and the fire district.[3]
Although we agree with the trial court that the liens
acquired by the defendant from the taxing district are
subordinate to those of the town, we agree with the
defendant that the trial court incorrectly concluded that
they are subordinate to those of the fire district. Accord-
ingly, we reverse the judgment insofar as the trial court
granted the fire district's motion for partial summary
judgment with respect to priority, and we remand the
case with direction to vacate that portion of the judg-
ment subordinating the liens acquired by the defendant
to the fire district's liens, to render judgment consistent
with this opinion, and for the setting of new law days.

The relevant facts of this case are undisputed. At all
relevant times, Georgetown Land Development Com-
pany, LLC (Georgetown), owned, and was in the pro-
cess of developing, approximately fifty-one acres of
property located in the town (property).[4] In order to
facilitate the financing and development of this project,

---

[3] The parties that moved for summary judgment with respect to priority
stipulated during the trial court proceedings that the commission's liens for
unpaid sewer charges are subordinate to the tax liens held by the defendant,
the town, and the fire district. See General Statutes §§ 7-254 (b) and 7-258
(a). Accordingly, we need not address the priority of the commission's liens
in this opinion.

[4] Although the property is comprised of dozens of individual parcels of
real estate, the parties in the present appeal do not differentiate between
them for purposes of litigating the issue of priority. For simplicity, we refer
to the individual parcels collectively as the property throughout this opinion.

Redding *v.* Georgetown Land Development Co., LLC

the legislature enacted No. 05-14 of the 2005 Special Acts, which later was amended by P.A. 07-196. These acts authorized the creation of a special taxing district that could finance the project by issuing municipal bonds and by assessing taxes and other charges on the real property located within the taxing district's territorial boundaries. See P.A. 07-196, § 4 (b) (1).[5] Georgetown established the taxing district pursuant to this legislative grant.

The taxing district assessed real estate taxes against the property for the 2007 through 2014 grand lists, which automatically became liens once they were not timely paid,[6] in the total amount of $19,992,861.84. The taxing district assigned certain of these liens, totaling $1,159,692 in unpaid taxes, to the defendant.

The town and the fire district also levied real estate taxes against the property. The town obtained tax liens for the 2009 through 2014 grand list years totaling $3,055,802.01. The fire district's liens, pertaining to the same grand list years, total $145,069.

[5] Public Act 07-196, § 4 (b) (1), provides that the taxing district "shall have the power to fix, revise, charge, collect, abate and forgive reasonable taxes, fees, rents and benefit assessments, and other charges for the cost of the improvements, financing costs, operating expenses and other services and commodities furnished or supplied to the real property in the [taxing] district in accordance with the applicable provisions of the general statutes which apply to districts established under section 7-325 of the general statutes, and special act 05-14, as amended by this act, and in the manner prescribed by the [taxing] district. Notwithstanding any provision of the general statutes, the [taxing] district may pay the entire cost of any improvements, including the costs of financing such improvements, capitalized interest and the funding of any reserve funds necessary to secure such financing or the debt service of bonds or notes issued to finance such costs, from taxes, fees, rents, benefit assessments or other revenues and may assess, levy and collect said taxes, fees, rents or benefit assessments concurrently with the issuance of bonds, notes or other obligations to finance such improvements based on the estimated cost of the improvements prior to the acquisition or construction of the improvements or upon the completion or acquisition of the improvements."

[6] See P.A. 07-196, § 4 (b) (3) ("taxes, fees, rents or benefit assessments, if not paid when due, shall constitute a lien upon the premises served and a charge against the owners thereof").

Redding *v.* Georgetown Land Development Co., LLC

In July, 2015, the plaintiffs commenced this foreclosure action against Georgetown, the defendant, and numerous other lienholders. The town and the fire district each filed motions for partial summary judgment on the issue of priority only, maintaining that their tax liens on the property were superior in priority to the tax liens that the defendant had acquired by assignment from the taxing district. The defendant filed a motion for partial summary judgment, asserting that its liens were of equal priority, rather than subordinate, to those of the town and the fire district.

The trial court, *Miller, J.*, agreed with the town and the fire district, and concluded that their tax liens had priority over the liens assigned to the defendant by the taxing district. Judge Miller relied on P.A. 07-196, § 4 (b) (3), specifically the phrase providing that any liens obtained by the taxing district "shall take precedence over all other liens or encumbrances except a lien for taxes of the town . . . ." Judge Miller construed this phrase as subordinating the taxing district's liens to those of the town. With respect to the fire district, Judge Miller reasoned that the fire district's liens were of equal priority to the town's liens pursuant General Statutes § 7-328 (a),[7] and that, because the town's liens were superior to those of the taxing district, so, too, were the fire district's liens. Accordingly, Judge Miller determined that the liens of the town and the fire district were superior to the liens acquired by the defendant, granted each of their motions for partial summary judg-

---

[7] In concluding that the fire district's liens were of equal priority to those of the town, Judge Miller relied on a clause in § 7-328 (a) that provides that tax liens held by a "district" created pursuant to General Statutes § 7-325 (a) "shall be a lien upon the property in the same manner as town taxes . . . and foreclosed in the same manner as liens for town taxes or enforced in accordance with any provision of the general statutes for the collection of property taxes. . . ." For purposes of § 7-328 (a), the term "district" is defined to include "any fire district . . . ." General Statutes § 7-324.

Redding *v.* Georgetown Land Development Co., LLC

ment with respect to priority, and denied the defendant's motion.

Thereafter, the trial court, *Schuman, J.*, rendered a judgment of strict foreclosure in favor of the town and the fire district. The defendant appealed to the Appellate Court from that judgment of strict foreclosure, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

On appeal, the defendant claims that the liens it acquired from the taxing district are of equal priority to those of the town and the fire district, rather than subordinate to them.[8] The defendant contends that Judge Miller misconstrued P.A. 07-196, § 4 (b) (3), and failed to properly adhere to other Connecticut statutes that generally recognize that liens held by municipal entities are of equal priority for purposes of a foreclosure action. We agree with the trial court that the defendant's liens are subordinate to the town's liens. We agree with the defendant, however, that the trial court incorrectly determined that the defendant's liens are subordinate to the fire district's liens.

We begin with the general principles governing our review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the

---

[8] The parties in the present appeal agree that the taxing district's assignment of the tax liens to the defendant does not affect the priority of those liens pursuant to General Statutes § 12-195h, which provides in relevant part: "Any municipality . . . may assign, for consideration, any and all liens filed by the tax collector to secure unpaid taxes on real property as provided under the provisions of this chapter. . . . The assignee or assignees of such liens shall have and possess the same powers and rights at law or in equity as such municipality and municipality's tax collector would have had if the lien had not been assigned with regard to the precedence and priority of such lien . . . ." The taxing district qualifies as a "municipality" for purposes of § 12-195h. See General Statutes § 12-171 (adopting definition of "municipality" set forth in General Statutes § 12-141, which includes taxing districts).

Redding *v.* Georgetown Land Development Co., LLC

moving party is entitled to judgment as a matter of law.
. . . Our review of the trial court's decision to grant
[a] motion for summary judgment is plenary. . . . On
appeal, we must determine whether the legal conclu-
sions reached by the trial court are legally and logically
correct and whether they find support in the facts set
out in the memorandum of decision of the trial court.''
(Citations omitted; internal quotation marks omitted.)
*Lucenti* v. *Laviero*, 327 Conn. 764, 772–73, 176 A.3d
1 (2018).

The material facts are undisputed in the present case.
The sole issue is whether, under the relevant provisions
of the taxing district's enabling legislation, its tax liens
are subordinate, rather than equal in priority, to the liens
held by the town and the fire district. This issue is one
of statutory construction. "When construing a statute,
[o]ur fundamental objective is to ascertain and give
effect to the apparent intent of the legislature. . . .
General Statutes § 1-2z directs us first to consider the
text of the statute itself and its relationship to other
statutes. If, after examining such text and considering
such relationship, the meaning of such text is plain and
unambiguous and does not yield absurd or unworkable
results, extratextual evidence of the meaning of the
statute shall not be considered. . . . The test to deter-
mine ambiguity is whether the statute, when read in
context, is susceptible to more than one reasonable
interpretation.'' (Internal quotation marks omitted.)
*Sena* v. *American Medical Response of Connecticut,
Inc.*, 333 Conn. 30, 45–46, 213 A.3d 1110 (2019). Ques-
tions of statutory construction are matters of law sub-
ject to plenary review. E.g., *Rutter* v. *Janis*, 334 Conn.
722, 730, 224 A.3d 525 (2020).

The taxing district's power to obtain liens for prop-
erty taxes and other charges is set forth in P.A. 07-196,
§ 4 (b) (3), which provides in relevant part: "In order
to provide for the collection and enforcement of

Redding *v.* Georgetown Land Development Co., LLC

its taxes, fees, rents, benefit assessments and other charges, the [taxing] district is hereby granted all the powers and privileges with respect thereto as districts organized pursuant to section 7-325 of the general statutes, and as held by municipal corporations or as otherwise provided in this section. Such taxes, fees, rents or benefit assessments, if not paid when due, shall constitute a lien upon the premises served and a charge against the owners thereof, which lien and charge shall bear interest at the same rate as delinquent property taxes. *Each such lien . . . shall take precedence over all other liens or encumbrances except a lien for taxes of the town . . . .*" (Emphasis added.) It is the meaning of this final sentence of P.A. 07-196, § 4 (b) (3) (priority clause), that is at the heart of the parties' dispute.

Because we reach different conclusions regarding how this language applies to the town and the fire district, we first address the priority of the town's liens. The town contends that the priority clause indicates the legislature's intent to subordinate the taxing district's liens to its liens, whereas the defendant contends that the priority clause merely puts their respective liens on parity with each other. We conclude that the town's interpretation is the only reasonable one.

The priority clause provides the taxing district's liens with priority over "all other liens or encumbrances *except* a lien for taxes of the town . . . ." (Emphasis added.) P.A. 07-196, § 4 (b) (3). "In determining whether the statutory language is plain and unambiguous, words and phrases [must] be construed according to the commonly approved usage of the language . . . . General Statutes § 1-1 (a). We ordinarily look to the dictionary definition of a word to ascertain its commonly approved usage." (Internal quotation marks omitted.) *Redding Life Care, LLC* v. *Redding*, 331 Conn. 711, 718, 207 A.3d 493

(2019). The word "except" is defined with substantial similarity in dictionaries. For instance, Webster's Third New International Dictionary defines "except" to mean "to take or leave out . . . from a number or a whole: exclude or omit . . . ." Webster's Third New International Dictionary (2002) p. 791. Similarly, The American Heritage Dictionary of the English Language defines "except" as "[w]ith the exclusion of; other than . . . ." The American Heritage Dictionary of the English Language (5th Ed. 2011) p. 618. The dictionary definitions of "except" lead us to believe that the legislature intended to remove the town's tax liens from the class of liens over which the taxing district's liens have priority.

The defendant is correct in pointing out, however, that, although this exclusion provides that the taxing district's liens do not have priority over the town's liens, it does not necessarily indicate that they are subordinate, rather than equal, to the town's liens.[9]

A review of other statutes addressing the subject of lien priority, however, persuades us that the legislature intended the phrase "except a lien for taxes of the town" in the priority clause to convey, not just the absence of priority over the town's liens, but subordination to them. See, e.g., *Board of Education* v. *Tavares Pediatric Center*, 276 Conn. 544, 557 n.10, 888 A.2d 65 (2006) ("[w]hen interpreting statutory language, we may seek guidance from statutory provisions relating to the same subject matter" (internal quotation marks omitted)); *Connecti-*

---

[9] We note that the priority clause is not ambiguous merely because, when considered in a vacuum, it is silent as to whether the taxing district's liens are subordinate to the town's liens rather than equal to them. "[T]he fact that . . . relevant statutory provisions are silent . . . does not mean that they are ambiguous. . . . [O]ur case law is clear that ambiguity exists only if the statutory language at issue is susceptible to more than one plausible interpretation." (Citations omitted; internal quotation marks omitted.) *State* v. *Orr*, 291 Conn. 642, 653–54, 969 A.2d 750 (2009).

Redding *v.* Georgetown Land Development Co., LLC

*cut Light & Power Co.* v. *Dept. of Public Utility Control,*
266 Conn. 108, 123, 830 A.2d 1121 (2003) (''[b]ecause
the legislature is always presumed to have created a har-
monious and consistent body of law, the proper construc-
tion of any statute must take into account the mandates
of related statutes governing the same general subject
matter'' (internal quotation marks omitted)).

The language in the priority clause is similar to that
consistently used by the legislature in numerous other
statutes in order to subordinate various types of liens
to municipal tax liens. See, e.g., General Statutes § 7-239
(b) (water use lien ''shall take precedence over all other
liens or encumbrances except taxes''); General Statutes
§ 7-339ii (e) (2) (municipal benefit assessments ''shall
take precedence over all other liens or encumbrances
except a lien for property taxes''); General Statutes § 8-
29 (town planning commission benefit assessment lien
''shall take precedence of all other encumbrances except
taxes''); General Statutes § 17b-125 (a) (town reimburse-
ment agreement lien ''shall have precedence over all
subsequently recorded encumbrances, except tax liens
or other municipal liens of such towns''); General Stat-
utes § 47-258 (b) (unit owners' association lien ''is prior
to all other liens and encumbrances on a unit except
. . . liens for real property taxes''); General Statutes
§ 49-73b (b) (town expenditures lien ''shall take prece-
dence over any other encumbrance except municipal
tax assessments on such real estate'').

Like the priority clause at issue in the present case,
none of these statutes expressly provides that the sub-
ject liens are ''subordinate'' or ''inferior'' to tax liens.
Nonetheless, in light of General Statutes § 12-172, which
provides that tax liens on real property have prior-
ity over all other types of encumbrances unless other-

Redding *v.* Georgetown Land Development Co., LLC

wise provided by law,[10] it is clear that, in these statutes, the legislature used the phrase "except taxes," or a substantially similar phrase, for the purpose of indicating that the subject liens are subordinate to tax liens.[11] See *Brock* v. *State ex rel. Wyoming Workforce Services*, 394 P.3d 460, 463, 465 (Wyo. 2017) (statute providing that compensation fund liens "have priority over all claims except taxes" clearly and unambiguously "indicates that a lien for taxes is superior to a claim for contributions to the unemployment compensation fund" (emphasis omitted; internal quotation marks omitted)). That the legislature phrased the priority clause in nearly identical fashion suggests a similar result was intended. Indeed, the exception in the priority clause is even more specific because it applies, not to tax liens generally, but specifically to tax liens held by the town.

Conversely, if the legislature wants to establish equal priority between certain types of liens and taxes, it does so with explicit language. See, e.g., General Statutes § 8-268 (a) (relocation assistance lien for displaced tenant

---

[10] General Statutes § 12-172 provides in relevant part that tax liens on real property, "unless otherwise specially provided by law . . . shall take precedence of all transfers and encumbrances in any manner affecting such interest in such item, or any part of it. . . ." See *Brown* v. *General Laundry Service, Inc.*, 139 Conn. 363, 367, 94 A.2d 10 (1952) (observing that, under Connecticut law municipal tax liens "would take precedence over any other [e]ncumbrance on the property, irrespective of the time at which that [e]ncumbrance might have attached"), vacated on other grounds sub nom., *United States* v. *New Britain*, 347 U.S. 81, 74 S. Ct. 367, 98 L. Ed. 520 (1954); see also *United States* v. *Gilmore*, 62 F. Supp. 2d 576, 582 (D. Conn. 1999); *Wilcox* v. *Bliss*, 116 Conn. 329, 334, 164 A. 659 (1933).

[11] Indeed, the town and the fire district concede that, in the present case, the "except taxes" language conveys subordination to tax liens. Specifically, they concede that the commission's liens for unpaid sewer charges are subordinate to the parties' tax liens pursuant to General Statutes §§ 7-254 (b) and 7-258 (a); see footnote 3 of this opinion; both of which provide that such liens "shall take precedence over all other liens and encumbrances except taxes . . . ."

Redding *v.* Georgetown Land Development Co., LLC

"shall have the same priority as . . . a lien for municipal taxes"); General Statutes § 8-270 (a) (relocation assistance lien "shall have the same priority as . . . a lien for municipal taxes"); General Statutes § 12-124a (b) ("[l]iens recorded under the provisions of this subsection shall have the same precedence as tax liens under section 12-172"); General Statutes § 32-602 (e) (payments to Capital Region Development Authority in lieu of real property taxes "shall have the same lien and priority, and may be enforced by the authority in the same manner, as provided for municipal real property taxes"); General Statutes § 47a-56i (c) (town expenditures to make rental dwellings habitable "shall be secured by a lien on such property which shall have the same priority as a lien for municipal taxes").

Although these statutes did not address lien priority between municipal entities, as is the situation in the present case, they nonetheless demonstrate that, when the legislature provides a particular lien with priority over all other encumbrances "except" a particular other type of lien, it generally intends the former to be subordinate to the latter. Consistent with these statutes, we conclude, in the present case, that the phrase in the priority clause, "shall take precedence over all other liens or encumbrances except a lien for taxes of the town," was intended to subordinate the taxing district's liens to those of the town. Had the legislature intended to place the town's and the taxing district's liens on parity with each other, it easily could have said so explicitly, as it has done in the numerous aforementioned statutes. See, e.g., *Plourde* v. *Liburdi*, 207 Conn. 412, 416, 540 A.2d 1054 (1988) ("[t]he use of different words [in the context of] the same [subject matter] must indicate a difference in legislative intention" (internal quotation marks omitted)).

Redding *v.* Georgetown Land Development Co., LLC

Nonetheless, the defendant argues that, under General Statutes §§ 12-181[12] and 12-192,[13] municipal entities, such as the town and the taxing district, have equal priority and cannot foreclose each other's tax liens. We disagree.

Whether §§ 12-181 and 12-192 permit a municipality to foreclose another municipality's tax liens is largely beside the point. There is, of course, nothing precluding *the legislature*, which has exclusive and broad discretion to exercise the power of taxation; see *Pepin* v. *Danbury*, 171 Conn. 74, 82, 368 A.2d 88 (1976); from enacting legislation that subordinates the tax liens of a specially created taxing district to those of the municipality in which it sits (or any other municipal entity) if it deems such action appropriate. As previously

_____

[12] General Statutes § 12-181 provides in relevant part: "[A]ll municipalities having tax liens upon the same piece of real estate may join in one complaint for the foreclosure of the same . . . . If all municipalities having tax liens upon the same piece of real estate do not join in a foreclosure action, any party to such action may petition the court to cite in any or all of such municipalities as may be omitted, and the court shall order such municipality or municipalities to appear in such action and be joined in one complaint. . . . If one or more municipalities having one or more tax liens upon the same piece of property are not joined in one action, each of such municipalities shall have the right to petition the court to be made a party plaintiff to such action and have its claims determined in the same action, in which case the same court shall continue to have jurisdiction of the action and shall have the same rights to dispose of such action as if all municipalities had originally joined in the complaint. . . . If one or more municipalities foreclose one or more tax liens on real estate and acquire absolute title thereto and if any other municipality having one or more tax liens upon such real estate at the time such foreclosure title becomes absolute has not, either as plaintiff or defendant, been made a party thereto, the tax liens of each of such other municipalities shall not be thereby invalidated or jeopardized."

[13] General Statutes § 12-192 provides in relevant part: "If two or more municipalities have tax liens against any of such properties, they may join in the proceeding. Upon foreclosure in such a case, the court shall decree that each municipality has an undivided interest in such property in proportion to the amount due upon the tax lien or liens it has against it, plus any interest, lien fees and other charges which have accrued upon them since the bringing of the petition. . . ."

Redding *v.* Georgetown Land Development Co., LLC

explained, that is precisely what the legislature did in enacting P.A. 07-196, § 4, which unambiguously provides the town with the requisite authority to foreclose on the taxing district's liens.

In any event, to the extent that there is any tension between §§ 12-181 and 12-192 and our construction of P.A. 07-196, § 4 (b) (3), we are mindful of "the well established principle of statutory interpretation that requires courts to apply the more specific statute relating to a particular subject matter in favor of the more general statute that otherwise might apply in the absence of the specific statute. . . . The provisions of one statute which specifically focus on a particular problem will always, in the absence of express contrary legislative intent, be held to prevail over provisions of a different statute more general in its coverage." (Internal quotation marks omitted.) *Studer* v. *Studer*, 320 Conn. 483, 497–98, 131 A.3d 240 (2016).

Sections 12-181 and 12-192 are statutes of general applicability, whereas P.A. 07-196, § 4 (b) (3), was specially enacted by the legislature to address the issue of priority between these specific parties relative to this particular development project. The legislature was free to draft P.A. 07-196, § 4 (b) (3), in whatever manner it thought best to address any unique issues it had identified, including, if it deemed appropriate, to ensure that the town maintained primary authority to assess and levy real estate taxes. See *Windham First Taxing District* v. *Windham*, 208 Conn. 543, 557, 546 A.2d 226 (1988) ("special tax districts [created pursuant to chapter 105 of the General Statutes] are authorized to supply services where lacking, or to augment them when they are already provided by the municipality, but cannot displace or preempt the town's primary authorized power to provide and tax for such services"). Put simply, the specific provisions of P.A. 07-196, § 4 (b) (3),

Redding *v.* Georgetown Land Development Co., LLC

must prevail over the generally applicable §§ 12-181 and 12-192.[14]

Having concluded that the defendant's liens are subordinate to those of the town, we next address their priority relative to the tax liens held by the fire district. We conclude that the priority clause of P.A. 07-196, § 4 (b) (3), which gives the taxing district's liens priority "over all other liens or encumbrances except a lien for taxes of the town,'' clearly and unambiguously provides the taxing district with priority over the fire district. By listing the town's tax liens as the only type of lien

---

[14] The defendant also relies on *Stratford* v. *Thorough*, Superior Court, judicial district of Fairfield, Docket No. CV-12-6030347-S (April 21, 2015) (*Jennings*, *J.*) (60 Conn. L. Rptr. 216), and *Cordani* v. *Stramiglia*, Superior Court, judicial district of Litchfield, Docket No. CV-94-0066507 (March 15, 1995) (*Pickett*, *J.*) (14 Conn. L. Rptr. 164), as support for its position that taxing districts' tax liens are of equal priority to town tax liens. Both decisions concluded that tax liens held by taxing districts were of equal priority to those of the municipalities in which the taxing districts were based. See *Stratford* v. *Thorough*, supra, 217; *Cordani* v. *Stramiglia*, supra, 165. We find those decisions inapposite, however, because the taxing districts in those cases were established pursuant to General Statutes § 7-325 and, thus, were subject to the distinct provisions set forth in chapter 105 of the General Statutes, whereas the taxing district in the present case was established by a special act of the legislature and is subject to the priority clause of P.A. 07-196, § 4 (b) (3), which is worded differently than any of the provisions in chapter 105.

We acknowledge that the initial clause of P.A. 07-196, § 4 (b) (3), provides that "the [taxing] district is hereby granted all the powers and privileges with respect thereto as districts organized pursuant to section 7-325 of the general statutes, and as held by municipal corporations or as otherwise provided in this section.'' Nevertheless, insofar as the liens of taxing districts created pursuant to § 7-325 are in fact entitled to equal priority to town liens, we are not persuaded that this reference to § 7-325 sheds any light on the meaning of the priority clause. As previously stated, the priority clause unambiguously provides the town's liens with priority over the taxing district's liens. Because the priority clause addresses the specific subject of lien priority, generalized references elsewhere in the statute to the powers provided by § 7-325 do not compel a different construction. See *Miller's Pond Co., LLC* v. *New London*, 273 Conn. 786, 809, 873 A.2d 965 (2005) ("[i]t is well settled that [when] statutes contain specific and general references covering the same subject matter, the specific references prevail over the general'' (internal quotation marks omitted)).

Redding *v.* Georgetown Land Development Co., LLC

that is not inferior to the taxing district's liens, the legislature is presumed to have intended to exclude all other types of liens and encumbrances, including tax liens held by the fire district, to be inferior to the taxing district's liens. "[W]e consider the tenet of statutory construction referred to as expressio unius est exclusio alterius, which may be translated as the expression of one thing is the exclusion of another. . . . [When] express exceptions are made, the legal presumption is that the legislature did not intend to save other cases from the operation of the statute." (Internal quotation marks omitted.) *Felician Sisters of St. Francis of Connecticut, Inc.* v. *Historic District Commission*, 284 Conn. 838, 850–51, 937 A.2d 39 (2008).

That the priority clause gives the taxing district priority "over *all other* liens or encumbrances except a lien for taxes of the town" leaves no doubt that the legislature intended no further exceptions. (Emphasis added.) P.A. 07-196, § 4 (b) (3). "There cannot be any broader classification than the word all. . . . In its ordinary and natural meaning, the word all leaves no room for exceptions." (Citation omitted; internal quotation marks omitted.) *Burkle* v. *Car & Truck Leasing Co.*, 1 Conn. App. 54, 56–57, 467 A.2d 1255 (1983); see also *Canton* v. *Cadle Properties of Connecticut, Inc.*, 316 Conn. 851, 858, 114 A.3d 1191 (2015) (legislature's use of word "all" "support[s] the broadest possible reading" of statute). We therefore conclude that the defendant's tax liens are superior to those of the fire district.[15]

In sum, the fire district's tax liens are subordinate to those of the defendant, which are, in turn, subordinate

---

[15] We note that our construction of the priority clause is not inconsistent with § 12-172, which, as previously noted; see footnote 10 of this opinion and accompanying text; provides that tax liens on real property have priority over all other encumbrances on the property "unless otherwise specially provided by law . . . ." The priority clause of P.A. 07-196, § 4 (b) (3), fits within this caveat of § 12-172 because, as we have explained, it clearly and unambiguously sets forth the relative priority of tax liens held by the taxing district vis-à-vis the town and all other liens.

to those of the town. The trial court properly granted the town's motion for partial summary judgment but improperly granted the fire district's motion.

The judgment is reversed insofar as the trial court granted the motion for partial summary judgment with respect to priority filed by Georgetown Fire District and the case is remanded with direction to vacate that portion of the judgment subordinating the liens acquired by RJ Tax Lien Investments, LLC, to Georgetown Fire District's liens, to render judgment consistent with this opinion, and for the setting of new law days; the judgment is affirmed in all other respects.

In this opinion the other justices concurred.

————————————————